Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
apolk@girardsharp.com
jelias@girardsharp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUNG Q. NGUYEN and SALLY H. NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER,<br><br>Defendant. | Case No. **'20CV1227 BEN JLB**<br><br>**CLASS ACTION COMPLAINT**<br><br>Demand for Jury Trial |

CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

1. Defendant Nationstar Mortgage LLC ("Nationstar"), a provider and servicer of residential mortgage loans, fails to pay interest on borrower funds held by it in escrow. Nationstar's nonpayment of interest on these escrowed sums violates California law requiring mortgage lenders to pay a borrower a minimum of 2% in simple interest for money received in advance from the borrower to satisfy tax and insurance obligations.

2. Mortgage lenders and servicers often require borrowers to pay funds into escrow to cover property taxes, insurance premiums, and other property-related expenses. California law requires that financial institutions pay interest at a rate of at least 2% on such borrower funds held in escrow:

> Every financial institution that makes loans upon the security of real property containing only a one- to four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

Cal. Civ. Code § 2954.8(a). The Dodd-Frank Act recognizes this state-law requirement, providing that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. § 1639d(g)(3).

3. Nationstar violated, and continues to violate, California law by not paying interest to Plaintiffs Trung Q. Nguyen and Sally H. Nguyen on funds that Nationstar has held in escrow for them at various times since 2018. Nationstar failed to pay Plaintiffs

1 pursuant to a uniform, unlawful policy by which it does not pay interest to borrowers as required under California law. Plaintiffs accordingly sue for monetary and injunctive relief for themselves and a class of California borrowers.

## PARTIES

4. Plaintiffs Trung Q. Nguyen and Sally H. Nguyen, a married couple, are and at all relevant times were residents of the State of California. In 2018, the Nguyens purchased a single-family home located in San Marcos, California, and simultaneously entered into a mortgage loan to finance their purchase. Responsibility for servicing that loan, as well as for a subsequent mortgage loan obtained by Plaintiffs in connection with a 2020 refinance transaction, was acquired by Nationstar.

5. Defendant Nationstar is the operating subsidiary of Mr. Cooper Group, Inc. ("Mr. Cooper"). Nationstar and Mr. Cooper are organized under the laws of Delaware and headquartered at 8950 Cypress Waters Blvd, Coppell, Texas 75019. Nationstar is one of the largest servicers of residential mortgages in the United States.

6. Nationstar enters into, acquires, or services residential property mortgage agreements with homeowners in California for properties located in California. In connection with these mortgage agreements, Nationstar requires borrowers to deposit funds into escrow accounts for the purpose of paying property taxes, insurance premiums, or other expenses associated with the mortgaged properties.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Plaintiffs and Defendant are domiciled in different states.

8. According to Mr. Cooper's most recent annual report filing, as of December 31, 2019, the company services 3.8 million borrowers with an aggregate unpaid principal

balance of approximately $643 billion. Approximately 12% of the U.S. population resides in California. Thus, if Mr. Cooper's customers are evenly distributed throughout the country, California would account for 317,000 of its customers with an aggregate unpaid principal balance of $77 billion. In order to meet the $5 million jurisdictional requirement, each of these 317,000 potential class members would only need to have incurred $15.77 in unpaid interest over the applicable four-year limitations period. At the statutorily-mandated 2% annual rate, a class member would reach $15.77 in damages with an average escrow balance of only $197.

9. The Court has personal jurisdiction over Nationstar because Nationstar committed the acts and omissions complained of herein in the State of California, because Nationstar has conducted and continues to conduct business in the State of California, and because Nationstar has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' and class members' claims occurred and continue to occur in this District, and because the real property relevant to Plaintiffs' claims is located in this District.

## FACTUAL ALLEGATIONS

**A.   Plaintiffs' Mortgage Loan Agreements**

11. Plaintiffs purchased a single-family home in San Marcos, California, with the transaction closing on or about October 19, 2018.

12. At around the same time and in connection with their purchase, Plaintiffs entered into a mortgage loan agreement with lender loanDepot.com, LLC (the "2018 Mortgage"). That loan funded on or about October 18, 2018.

13. By letter dated November 5, 2018, Plaintiffs were notified that responsibility for servicing the 2018 Mortgage, including collection of all associated payments, would be transferred to Nationstar effective December 1, 2018.

14. According to the terms of the 2018 Mortgage, Plaintiffs were required to pay the lender,

> on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. . . .

15. Under the 2018 Mortgage, Nationstar was obligated to comply with any "Applicable Law" requiring the payment of interest on such escrowed funds:

> Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds.

The agreement defines "Applicable Law" as:

> all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable, final, non-appealable judicial opinions.

Section 2954.8 of the California Civil Code is a controlling applicable state statute.

16. From approximately December 2018 to March 2019, Plaintiffs timely remitted the required escrow funds, totaling approximately one thousand dollars each month, into an escrow account maintained by Nationstar.

17. Nationstar continued to service the 2018 Mortgage until on or about March 22, 2019, when Plaintiffs refinanced their home through a new mortgage loan agreement (the "2019 Mortgage") with LoanFlight Lending, LLC.

18. The 2019 Mortgage also required monthly escrow payments, for similar purposes as the 2018 Mortgage.

19. The servicer for the 2019 Mortgage paid Plaintiffs interest on their escrowed funds.

20. On or about March 9, 2020, Plaintiffs again refinanced their home through a new mortgage loan agreement (the "2020 Mortgage") with LoanFlight Lending, LLC.

21. By letter dated April 23, 2020, Plaintiffs were notified that responsibility for servicing the 2020 Mortgage, including collection of all payments, would be transferred to Nationstar effective May 1, 2020.

22. The terms of the 2020 Mortgage required Plaintiffs to make escrow payments to the lender under the same terms and for the same purposes as the 2018 Mortgage. The 2020 Mortgage also included identical provisions defining "Applicable Law" and obligating Nationstar to comply with the "Applicable Law" of California— Civil Code section 2954.8(a)— that requires interest payments on Plaintiffs' escrowed funds.

23. From approximately May 1, 2020, through the present, Plaintiffs have timely remitted and continue to remit the required funds, totaling approximately one thousand dollars each month, into an escrow account maintained by Nationstar.

24. Nationstar continues to service the 2020 Mortgage.

**B.  Nationstar's Failure to Pay Interest**

25. At no time during or after the period in which Nationstar serviced the 2018 Mortgage (December 1, 2018 to March 22, 2019) or the 2020 Mortgage (May 1, 2020 to the present) did Nationstar remit interest payments to Plaintiffs or provide any record that interest was accruing and due to Plaintiffs.

26. Nationstar kept the interest that had accrued on Plaintiffs' escrowed funds, unjustly enriching itself.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this lawsuit under Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2) and/or (b)(3) on behalf of themselves and as representatives of the following class:

> All borrowers on mortgage loans for a one- to four-family residence located in California and maintained or serviced by Nationstar (including its subsidiaries, successors, predecessors, and other related entities) who paid money into an escrow account for the purpose of paying taxes, insurance, or other costs associated with the mortgaged property and did not receive interest thereon.

The following persons and entities are excluded from the class: Nationstar and its officers, directors, employees, subsidiaries, and affiliates; all judges assigned to this case and any members of their immediate families or chambers staff; and the parties' counsel in this litigation. Plaintiffs reserve the right to modify, change, or expand the class definition based upon discovery and further investigation.

28. **Numerosity.** The members of the class are so numerous that their individual joinder is impracticable. Nationstar is one of the country's largest servicers of residential mortgages, and the class includes at least thousands of members.

29. **Typicality.** Plaintiffs' claims are typical of the claims of each class member. All class members have been subjected to Nationstar's systematic and unlawful failure to pay interest on escrowed funds and have sustained damages as a result.

30. **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs have no interests antagonistic to the interests of other class members and are committed to vigorously prosecuting this action. Plaintiffs have retained competent counsel experienced in the prosecution of complex class action litigation, including litigation involving financial services and applicable of California law.

31. **Existence and Predominance of Common Questions of Law and Fact.** There are questions of law and fact common to the class, and these questions predominate over any questions affecting class members individually. The common questions include:

- Whether Nationstar violated California law by failing to remit interest accrued on class members' escrowed funds;
- Whether Nationstar's conduct violates the "unlawful" prong of the UCL;
- Whether Nationstar's conduct violates the "unfair" prong of the UCL;
- Whether Nationstar breached its contract with Plaintiffs;
- Whether Nationstar must pay damages or restitution in the amount of the total statutory interest accrued on class members' escrowed funds; and
- Whether appropriate declaratory or injunctive relief against Nationstar should be entered.

32. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual class member's claim is small relative to the complexity of the litigation, and because of Nationstar's financial resources, class members are not likely to pursue legal redress individually for the violations detailed in this complaint. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

33. Class certification is also appropriate under Rules 23(b)(1) and/or (b)(2) because:

7
CLASS ACTION COMPLAINT
CASE NO.

- The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Nationstar;
- The prosecution of separate actions by individual class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and
- Nationstar acted or refused to act on grounds generally applicable to the class such that final injunctive relief with respect to the members of the class as a whole is appropriate.

### FIRST CAUSE OF ACTION
### Violations of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL")

34. Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged.

35. The UCL prohibits acts of "unfair competition," including any "unlawful [or] unfair . . . business act or practice."

36. Due to Nationstar's unlawful and unfair business acts or practices, Plaintiffs, class members, and the public at large have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

### Unlawful

37. Nationstar is a "financial institution" as defined in Civil Code section 2954.8(c).

38. Within the meaning of Civil Code section 2954.8(a), Nationstar purchased obligations secured by real property containing only a one- to four-family residence and located in the State of California, and received money in advance for payment of taxes

and assessments on the property, for insurance, or for other purposes relating to the property.

39. Plaintiffs and class members are borrowers on loans secured by residential dwellings located within California and serviced by Nationstar.

40. In violation of Civil Code section 2954.8(a), Nationstar failed to pay interest on Plaintiffs' and class members' funds held in mortgage escrow accounts for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property.

41. Nationstar's violations are, therefore, "unlawful" within the meaning of the UCL.

42. Plaintiffs and class members have each suffered economic harm as a result of Nationstar's unlawful practices. Under the UCL, Plaintiffs and the class are entitled to appropriate equitable relief, prejudgment interest, and reasonable attorney's fees and costs.

### Unfair

43. Nationstar's conduct is unfair in violation of the UCL because it violates California's public policy, legislatively declared in Civil Code section 2954.8, against withholding interest from mortgage borrowers.

44. Nationstar acted in an unethical, unscrupulous, outrageous, oppressive, and substantially injurious manner by failing to pay the statutorily-prescribed interest to Plaintiffs and class members. Nationstar's failure in this regard is "unfair" within the meaning of the UCL because it has no utility, or because any conceivable utility is contrary to public policy and outweighed by the harm caused to Plaintiffs and class members. The harm from Nationstar's conduct was not reasonably avoidable by borrowers.

45. Plaintiffs and class members have each suffered economic harm as a result of Nationstar's unfair practices. Under the UCL, Plaintiffs and the class are entitled to

appropriate equitable relief, prejudgment interest, and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Breach of Contract

46. Plaintiffs incorporate by reference and re-allege all paragraphs previously alleged.

47. Nationstar entered into binding mortgage loan agreements with Plaintiffs and class members that require Nationstar to comply with applicable law, including state laws requiring the payment of interest to borrowers on their escrowed funds.

48. Plaintiff and class members fulfilled or substantially fulfilled all obligations to Nationstar under the relevant mortgage loan agreements.

49. Through its failure to pay interest to Plaintiffs and class members on their escrowed sums, Nationstar breached its contractual obligation to them to comply with applicable law, including state laws that require paying interest to borrowers on such escrowed funds. Nationstar's nonpayment of interest violates section 2954.8 of the California Civil Code.

50. As a result of Nationstar's breaches of contract, Plaintiffs and class members have been harmed in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the class defined herein, respectfully request that the Court enter an Order:

A. Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, and appointing Plaintiffs and their counsel to represent the Class;

B. Declaring Nationstar's conduct to be unlawful and unfair;

C. Ordering Nationstar to cease all acts and practices declared by the Court to be unlawful or unfair;

D. Awarding actual damages or restitution, together with prejudgment interest, to Plaintiffs and the class;

  E. Awarding reasonable attorney's fees and expenses of suit as provided by law; and

  F. Entering any further or other relief the Court may deem appropriate.

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 30, 2020  /s/ *Daniel C. Girard*
Daniel C. Girard
Jordan Elias
Adam E. Polk
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com

*Attorneys for Plaintiffs*